PEDRO CARLO RODRÍGUEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 777. Submitted July 18, 1929.—Decided July 23, 1929.

*E. Báez García,* for appellant. The registrar appeared by brief.

Mr. Justice Aldrey delivered the opinion of the court.

The appellant herein presented in the Registry of Property of Mayagüez a public instrument for the purpose of having the registrar cancel by means of marginal notes two mentions of mortgage, and handed $2 in internal revenue stamps, $0.50 thereof for each of the marginal notes. The registrar returned the document without recording it, because in his opinion $2 must be paid for each marginal note of cancellation and the appellant refused to pay it.

The controversy in the present case is that, in the opinion of the registrar, the fees for marginal notes to cancel mentions of mortgages must be computed under schedule "three" of Act No. 32 of November 30, 1917, amending section 22 of the Act assigning salaries to the registrars of property and for other purposes, of March 10, 1904, while the appellant contends that schedule "four" of said amendatory act is the one to be applied.

Of course, as the mortgages sought to be canceled are merely mentioned in the registry their cancellation must be effected by means of marginal notes. *Janer* v. *Registrar,* 18 P.R.R. 7; *Del Moral* v. *Registrar,* 20 P.R.R. 391.

It is provided in schedule of fees number "three" that for all operations of whatever kind, made at the instance of an interested party for the cancellation or redemption of mortgages, annuities (*censos*), or real rights, etc., there shall be charged the fees which the schedule enumerates, the minimum fee being $2. Schedule number "four", entitled "Special notes, records, and entries", provides that when, in consequence of the presentation, no record or entry is to be made and only marginal notes are made, the charge for each such marginal note shall be $0.50.

In our opinion the registrar is right, because schedule

"three" refers specially and expressly to cancellations of mortgages, no matter the form of the operation in the registry, whereas schedule "four" does not refer to marginal notes for the cancellation of mortgages, but to marginal notes in general. A specific provision must prevail over another of a general character in a statute. Galindo and Escosura in their treatise on Mortgage Law (*Leg. Hipotecaria,* 4th ed., vol. 4, p. 737), when referring to schedules "five" and "six" of the Spanish legislation, which correspond to schedules "three" and "four" of our statute, state that the said schedule "six" is applicable whenever the registrar is to make a marginal note other than one of cancellation. Similar views are expressed by Morell in volume 5, page 300, of his treatise.

The decision appealed from must be affirmed.